Dillon Chen (SBN 311190)
Nelson Mullins Riley & Scarborough LLP
750 B. Street, Suite 2200
San Diego, CA 92101

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| ALLISON BLANK | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | 5:25-cv-02810 |
| v. | |
| PRIMAL QUEEN LLC | **WAIVER OF SERVICE OF SUMMONS** |
| DEFENDANT(S). | |

To: Frank S. Hedin (SBN 291289), HEDIN LLP and Adrian Gucovschi (State Bar No. 360988), GUCOVSCHI LAW FIRM

*(Name of Plaintiff's Attorney or Unrepresented Plaintiff)*

   I hereby acknowledge receipt of your request that I waive service of a summons in the above-entitled action. I have also received a copy of the complaint in the action, two copies of this waiver form, and a means by which I can return the signed waiver to you without cost to me.

   I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure.

   I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

   I understand that judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served within 60 days after* ___October 31, 2025___, or within 90 days after that date if the request was sent outside the United States.

   *Date Notice of Lawsuit and Request for Waiver of Service Summons is sent.

| 12/18/25 | *(signature)* |
|---|---|
| *Date Signed by Receiving Party* | *Signature* |
| Dillon D. Chen | 619-489-6191; 619-821-2834 |
| *Name* | *Telephone Number and Fax Number* |
| 750 B. Street, Suite 2200 | Counsel |
| *Street Address* | *Relationship to Entity on Whose Behalf I am Acting* |
| San Diego, CA 92101 | PRIMAL QUEEN LLC |
| *City, State, Zip Code* | *Name of Party Waiving Service* |

**Duty to Avoid Unnecessary Costs of Service of Summons**

   Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

   It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

   A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of summons was received.

CV-108 (06/98)                    **WAIVER OF SERVICE OF SUMMONS**